```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW JERSEY
```

JOHN VINCENT BAUMGARTEN,

              Petitioner,

   v.

WARDEN DONNA ZICKEFOOSE, et al.,

             Respondents.

Civil No. 09-6169 (JBS)

**OPINION**

APPEARANCES

John Vincent Baumgarten, Sr., #23668-037
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner, Pro Se

Paul J. Fishman,
United States Attorney
By:  Elizabeth A. Pascal
    Assistant U.S. Attorney
Camden Federal Building & U.S. Courthouse
P.O. Box 2098, 401 Market Street
Camden, NJ 08101
    Attorney for Respondents

**SIMANDLE**, District Judge:

    This matter comes before the Court upon the application of Petitioner John Vincent Baumgarten, Sr., executed pursuant to 28 U.S.C. § 2241 ("Petition"). See Docket Entry No. 1. Respondents duly filed their answer ("Answer"), see Docket Entry No. 5, and Petitioner, being granted two extensions of time, filed his traverse ("Traverse"). See Docket Entries Nos. 7 and 10-11.

**I.   BACKGROUND**

The sole issue presented in the Petition is a straightforward matter of statutory construction of a provision of the Second Chance Act of 2007 at 42 U.S.C. § 17541(g). Petitioner, an inmate confined at the F.C.I. Fort Dix (and who, at the time of Respondents' execution of the Answer, was 66 years old), challenges the interpretation of the Elderly Offender Home Detention Pilot Program ("Pilot Program") by the Bureau of Prisons ("BOP"), asserting that -- under the Pilot Program -- he should have been released into home confinement.  See Docket Entries Nos. 1 and 11.

On October 7, 1998, Baumgarten was sentenced in the United States District Court for the District of Maryland to a 400 month term of imprisonment, with five years of supervision to follow, for Conspiracy and Possession with Intent to Distribute Cocaine, in violation of 18 U.S.C. § 846.  See Moran Decl. ¶ 4 and Ex. 1. His current projected release date is November 11, 2026, assuming he receives all good conduct time available.  See id.  He has exhausted his administrative remedies as required by 28 U.S.C. § 2241.

**II.  DISCUSSION**

Petitioner claims that the BOP is incorrectly interpreting and applying 42 U.S.C. § 17541 in relation to eligibility

requirements that inmates must satisfy to participate in the Pilot Program, which is part of the Second Chance Act of 2007.

As part of the Second Chance Act of 2007, Congress directed the Attorney General, in coordination with the Director of the BOP, to institute the Pilot Program "to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention" until their term of confinement has expired.[1]  See 42 U.S.C. § 17541(g)(1)(A).

For purposes of the Pilot Program, an "eligible elderly offender" is defined as an offender who is at least 65 years of age (and is serving a term of imprisonment that is not life imprisonment based on conviction for an offense that does not include any crime of violence, sex offense, or other offenses enumerated in the statute) and who has served the greater of 10 years or 75% of the term of imprisonment imposed at sentencing.  See 42 U.S.C. § 17541(g)(5)(A) (i)-(iii).[2]

---

[1] The Attorney General was to conduct the Pilot Program in fiscal years 2009 and 2010 at one or more BOP facilities designated by him as appropriate for the program. See 42 U.S.C. § 17541(g)(3).  Because of the experimental nature of the Pilot Program, the Attorney General was to monitor each "eligible elderly offender" placed on home detention under the program and to report to Congress at the end of fiscal year 2010 on the success of the program.  See 42 U.S.C. § 17541(g)(4).

[2]  In  addition to the restrictions based on the nature of the inmate's criminal history, there are also other requirements that relate to the inmate's adjustment while incarcerated.  Some of these requirements require specific judgments and findings by

The BOP's Operations Memorandum, which provides guidance to BOP staff in interpreting and applying § 17541 and in administering the Pilot Program, states – consistently with the language of § 17541 – that "[e]ligibility to participate requires the inmate to have 'served the greater of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced.'" The Operations Memorandum explains that "[s]taff must first determine whether the inmate has served 10 years or more of the term in effect. . . . If the inmate has not served at least 10 years of the term in effect, s/he is not eligible to participate. . . . If the inmate has served 10 years or more of the term in effect, staff next determine whether the inmate has served 75% of the term in effect. . . . If the inmate has served at least 10 years, but not 75%, of the term in effect, s/he is ineligible to participate." Docket Entry No. 5-3, Ex. 3A.

---

the BOP with regard to a particular inmate. Thus, in addition to the elements enumerated in the preceding paragraph, in order to qualify, the inmate: (1) must not have been determined by the BOP to have a history of violence or of sex offenses or the other offenses described in the statute (the BOP is empowered by the statute to make this determination "on the basis of information the Bureau uses to make custody classifications, and in the sole discretion of the Bureau," see 42 U.S.C. § 17541(g)(5)(A)(iv)); (2) must not have escaped or attempted to escape from a BOP institution; (3) and with respect to whom the BOP has determined that release to home detention will result in a substantial net reduction of costs to the federal government; and (4) who has been determined by the BOP to be at no substantial risk of engaging in criminal conduct or of endangering any person if released. These aspects were not raised in the Petition, Answer or Traverse, and this Court presumes that they are not relevant to Petitioner's case.

Petitioner, who was 66 years old at the time when Respondents filed their Answer, requested that BOP staff review him for participation in the Pilot Program.  BOP staff then determined that he did not meet the eligibility criteria for participation because, although he had served more than 10 years of his sentence, he did not meet § 17541's "75% requirement." Petitioner now argues that the BOP incorrectly interpreted and applied § 17541 in determining the amount of time he must serve on his sentence in order to be eligible for the Pilot Program since, according to Petitioner, the statutory intent of the eligibility language of § 17541 is for an inmate to serve "either" 10 years "or" 75% of his sentence in order to be eligible for participation in the Pilot Program.

The Court's statutory construction is complete upon identifying plain statutory language expressing congressional intent:

> First, always, is the question whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress.  If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation. Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

Chevron U.S.A Inc. v. Nat'l Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984) (footnotes omitted); see also Parker v. Conway, 581 F.3d 198, 204 (3d Cir. 2009) (a court must interpret a statute "by looking at the language of the [statute]. . . . When [the court] find[s] the terms of a statute unambiguous, judicial inquiry is complete, except in 'rare and exceptional circumstances'") (quoting Rubin v. United States, 449 U.S. 424, 429-30 (1981)) (alteration in original).

Petitioner's position regarding § 17541 is inconsistent with the plain, unambiguous language of the statute.  Section 17541(g)(5)(A)(ii) specifically provides that an "eligible elderly offender" must have "served *the greater* of 10 years or 75 percent of the term of imprisonment to which the offender was sentenced."  42 U.S.C. § 17541(g)(5)(A)(ii) (emphasis supplied).  Thus, the statute is unambiguous with regard to the amount of time an inmate must serve in order to become eligible for the pilot program: 10 years or 75% of his/her sentence, *whichever is the greater length of time*.[3]  While Petitioner elects to limit

---

[3] Moreover, even if the statutory language could, somehow, be deemed "ambiguous," the BOP's interpretation of the statute, as reflected in the BOP's Operations Memorandum, shall not be disturbed by this Court since the BOP's reading of § 17541(g)(5)(A)(ii) is facially not unreasonable.  See Chevron, 467 U.S. at 843; Fujitsu Gen. Ltd. v. United States, 88 F.3d 1034, 1038 (Fed. Cir. 1996); see also Koyo Seiko Co. v. United States, 36 F.3d 1565, 1570 (Fed. Cir. 1994) (holding that "a court must defer to an agency's reasonable interpretation of a statute even if the court might have preferred another").

his focus to the word "or" in this part of the statute, see Docket Entry No. 11 (Petitioner's traverse, unambiguously stating the nature of Petitioner's argument), his position is unavailing since he omits to recognize that the phrase "the greater of" serves as an express modifier of the following conjunction "or."

Here, the BOP's interpretation of § 17541 is consistent with the plain language of the statute.  Therefore, BOP staff correctly determined that Petitioner did not qualify for the Pilot Program because, although he has served over 10 years of his 400-month sentence, he has not yet served the 300 months which is 75% of that sentence.[4]  See United States v. Moore, 2009 U.S. Dist. LEXIS 83072, 2009 WL 2970464 at *2 (M.D. Ala. Sep. 11, 2009) (petitioner cannot be allowed to participate in Pilot Program because petitioner had served only 15 years of a 30-year sentence, which was not the greater of 10 years or 75% of his sentence); see also Knight v. Jett, 2010 U.S. Dist. LEXIS 109673 (D. Minn. Sept. 13, 2010) (same, with regard to the inmate serving 292-month term); Willis v. Keller, 2010 U.S. Dist. LEXIS 77028 (M.D. Ala. July 7, 2010) (same, with regard to the inmate serving 360-month term); Mathison v. Davis, 2010 U.S. Dist. LEXIS

---

[4] At least one circuit court has also held that for the purposes of calculating the inmate's eligibility under the 75% requirement, the BOP shall not factor in good conduct time credits.  See, e.g., Mathison v. Davis, 2010 U.S. App. LEXIS 21043 (10th Cir. Oct. 12, 2010).  This issue is not presented here.

7

51245 (D. Colo. May 3, 2010) (same, with regard to the inmate serving 235-month term). Accordingly, the Petition should be denied.

### III. CONCLUSION

For the foregoing reasons, Petitioner's § 2241 application will be denied. An appropriate Order accompanies this Opinion.


**November 18, 2010**         **s/ Jerome B. Simandle**
Dated:                                    JEROME B. SIMANDLE
                                                United States District Judge